IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
SENIOR JUDGE MARCIA S. KRIEGER

Criminal Action No. 18-cr-00201-MSK-GPG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

1. **JESSICA MONARREZ, and**
2. **ANDY SELTZER,**

    Defendants.

----------------
and
----------------

Criminal Action No. 18-cr-00202-MSK-GPG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

1. **DEAN SCHMID,**
2. **ANGELA SCHMID, and**
4. **ANDY SELTZER,**

    Defendants.

## OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATIONS

**THIS MATTER** comes before the Court pursuant to Recommendations (**# 110, 112** in 18-cr-201; **# 209, 211** in 18-cr-202) by the Magistrate Judge with regard to various pending motions in each case. Mr. Seltzer filed Objections (**# 117, 118** in 18-cr-201; **# 220, 221** in 18-cr-

1

202)[1] to one aspect of the Magistrate Judge's Recommendation, relating to his possession of Grand Jury transcripts. In all other respects, more than 14 days have passed since service of the Recommendations on the Defendants, and no Defendant has objected to any other component of those Recommendations.

Turning first to the un-objected to portions of the Recommendation, when no party files timely objections to a Recommendation, the Court reviews that Recommendation under whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Here, the Court has reviewed the Magistrate Judge's Recommendations under the otherwise applicable "clearly erroneous or contrary to law" standard of 28 U.S.C. § 636(b)(1)(A). Upon such review, the Court finds no error of law or fact by the Magistrate Judge. Thus, the Court adopts the Recommendations found at Docket # 110 in the 18-cr-201 case and Docket #209 in the 18-cr-202 case and disposes of the motions identified therein as recommended by the Magistrate Judge.

Mr. Seltzer Objections relate to the Magistrate Judge's Recommendations (**# 112** in 18-cr-201; **# 211** in 18-cr-202) that Mr. Seltzer's Motion [. . .] To Be Allowed to Possess Grand Jury Testimony (**# 109** in 18-cr-201; **# 208** in 18-cr-202) be denied. More specifically, the Magistrate Judge has previously granted requests by Mr. Seltzer (**# 27** in 18-cr-201; **# 116** in 18-cr-202) to have access to and review the Grand Jury transcripts, but has ruled that Mr. Seltzer is "not allow[ed] to retain copies of any grand jury materials" outside the presence of his counsel or a court-appointed investigator. After discharging his attorney and electing to proceed *pro se*, Mr. Seltzer then filed motions (**# 109** in 18-cr-201; **# 208** in 18-cr-202), in which he requested

---

[1] In both instances, it appears that duplicate copies of Mr. Seltzer's Objections were filed sequentially on the docket.

modification of that prior order, allowing him to "possess in [his] permanent possession a copy of the grand jury transcripts." Mr. Seltzer explained that he needed the Grand Jury materials in order to explore the potential of any issues arising under *Franks v. Delaware*. In his Recommendations on Mr. Seltzer's motions, the Magistrate Judge found that Mr. Seltzer had sufficient access to the transcripts by being able to review them in the presence of his investigator (who remains available to him), but that "due to the investigative methods regarding confidential sources set forth in the transcripts, the actual transcripts may not remain in [Mr. Seltzer's] custody." The Magistrate Judge found that this "strikes the appropriate balance between protection of sources and methods and allowing [Mr. Seltzer] sufficient time and access to plan and prepare his defense." The Magistrate Judge specifically responded to Mr. Seltzer's contention that he wished to "compare the transcripts, side-by-side, with other evidence" (including video recordings), finding that "nothing in the Court's current Order prevents or inhibits such comparison." The Magistrate Judge also noted that, to the extent Mr. Seltzer wished to compare the Grand Jury transcripts to audio or video evidence that had been disclosed, Mr. Seltzer's ability to access that audio and video evidence was similarly limited, "for safety purposes," to times when his investigator was present. Accordingly, the Magistrate Judge recommended that Mr. Seltzer's motions be denied.

Mr. Seltzer filed timely Objections to those Recommendations. Mr. Seltzer's Objections do not point to any particular mistake of law or fact made by the Magistrate Judge. Indeed, Mr. Seltzer's Objections largely repeat that he is requesting his constant possession of the Grand Jury materials "so that he may compare [them] to statements by [government agents] throughout the discovery," as well as to "audio/video." He complains that the process of comparing the

3

transcripts to the other evidence is time-consuming and that his "investigator hasn't that much time." Mr. Seltzer also argues that he as a "particularized need" for access to the transcripts.

This Court reviews non-dispositive recommendations by the Magistrate Judge to determine whether they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A recommended ruling is "clearly erroneous" where, after reviewing the entirety of the evidence, this Court is "left with the definite and firm conviction that a mistake has been committed." *Allen v. Sybase, Inc.*, 468 F.3d 642, 659 (10th Cir. 2006).

The Court finds no error, clear or otherwise, in the Magistrate Judge's Recommendation that Mr. Seltzer's request for continuous possession of the Grand Jury transcripts be denied. Mr. Seltzer is detained pending trial in this matter, and that detention presents special security concerns that attach to Mr. Seltzer's possession (and potential dissemination) of Grand Jury materials. As requested by Mr. Seltzer, both the Magistrate Judge and this Court engaged in an *in camera* review of the Grand Jury materials (**# 111** in 18-cr-201; **# 210** in 18-cr-202). Those materials reveal the existence of various confidential sources that assisted with the investigation of the crimes alleged in these cases, as well as investigatory methods used by law enforcement. As the Magistrate Judge noted, disclosure of these sources and methods within the jail environment where Mr. Seltzer is housed can compromise the safety of the sources (who, although anonymous, could still be identified based on their actions and be subjected to exposure or retaliation by persons to whom Mr. Seltzer discloses such information) or hinder the efficacy of the investigatory methods that law enforcement might currently be using in other investigations or may use in the future. Thus, the government has a significant interest in limiting Mr. Seltzer's ability to possess and disseminate the Grand Jury transcripts within the jail environment.

Admittedly, Mr. Seltzer has a strong interest in being able to mount a complete and effective defense to the charges against him, and the Court has previously found that that interest includes being able to review the Grand Jury transcripts. Thus, a balance must be stricken between Mr. Seltzer's need to have maximum opportunity to review and evaluate the transcripts and the government's interest in avoiding unnecessary dissemination of the transcripts by Mr. Seltzer in the jail. The restrictions initially placed on the production of the transcripts – that Mr. Seltzer could review them, but only in the presence of his attorney or investigator and that Mr. Seltzer could not retain possession of the transcripts when he returned to his cell – was a reasonable way of striking that balance, and indeed, is consistent with the general practice employed in most criminal cases in this Court where Grand Jury materials are disclosed.

Nothing in Mr. Seltzer's motion or objections warrants deviating from that procedure. Mr. Seltzer may be correct that his time with his investigator – and thus, his time with the Grand Jury transcripts – is limited, but that situation is no different than the situation that existed when the Court first ordered that the transcripts would remain in the possession of Mr. Seltzer's then-counsel. A detained defendant's time to meet with and confer with his counsel is similarly limited. Mr. Seltzer's decision to proceed *pro se* does not reduce the risk of improper dissemination of the transcripts (if anything, the lack of attorney oversight perhaps <u>increases</u> that risk), and thus, does not justify a loosening of the restrictions on Mr. Seltzer's possession of the transcripts. And although the Court is sympathetic to Mr. Seltzer's realization that preparation of a defense is a time-consuming process – one whose demands might exceed the amount of time Mr. Seltzer is afforded with the discovery materials – that situation is one of the many unique challenges that are inherent when a detained defendant nevertheless wishes to proceed *pro se* (and one whose existence was explained to Mr. Seltzer when he requested to proceed *pro se*).

But again, Mr. Seltzer's decision to proceed *pro se* does not entitle him to greater latitude than the Court would otherwise grant him; to hold otherwise would effectively encourage defendants to proceed *pro se* in order to obtain such privileges. Accordingly, this Court finds no error in the Magistrate Judge's conclusion that Mr. Seltzer has not shown any good cause for modifying the existing order that limits his access to the Grand Jury materials to those circumstances where his investigator is also present. Thus, Mr. Seltzer's Objections are overruled and the Court adopts the Magistrate Judge's Recommendation that his motions be denied.

For the foregoing reasons, the Court **OVERRULES** Mr. Seltzer's Objections (**# 117, 118** in 18-cr-201; **# 220, 221** in 18-cr-202) and **ADOPTS** all of the Recommendations (**# 110, 112** in 18-cr-201; **# 209, 211** in 18-cr-202) of the Magistrate Judge. Pursuant to those Recommendations:

• In the 18-cr-201 case, Mr. Seltzer's Motion for Continuance (**# 108**) is **GRANTED**,[2] and trial in that case is set for **April 6, 2020** at **8:30 a.m.** in the Grand Junction Courthouse, with a Pretrial Conference set for **April 2, 2020** at **3:30 p.m.** in Courtroom 901 in the Arraj Courthouse in Denver. Mr. Seltzer's Motion to Possess Grand Jury Material (**# 109**) is **GRANTED IN PART** and **DENIED IN PART** on the terms set forth in the Recommendation.

• In the 18-cr-202 case, Ms. Schmid's Motions to Continue (**# 202, 206**) are **DENIED**. Mr. Seltzer's Motions for Continuance (**# 204, 207**) are **GRANTED**. Trial in that case is set for **May 4, 2020** at **8:30 a.m.** in the Grand Junction Courthouse, with a Pretrial Conference set for **April 30, 2020** at **3:30 p.m.** in Courtroom 901 in the Arraj Courthouse in Denver. Mr. Seltzer's

---

[2] As to both this motion and the similar motion filed in 18-cr-202, the Court finds that, based on the Defendants' representations at the hearing before the Magistrate Judge, the Defendants require additional time for effective preparation of a defense, taking into account the exercise of reasonable diligence, and that a continuation of the trial date is therefore in the interests of justice. 18 U.S.C. § 3161(h)(7)(B)(iv).

prior motions at **Docket # 159** and **161** are **STRICKEN**.  Mr. Seltzer's Motion to Possess Grand Jury Material **(# 208)** is **GRANTED IN PART** and **DENIED IN PART** on the terms set forth in the Recommendation.

Dated this 18th day of November, 2019.

**BY THE COURT:**

_(signed) Marcia S. Krieger_

Marcia S. Krieger
Senior United States District Judge